UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

IN RE:                                                          Case No. 2025-CV-04144-NYW

Michelle Deon Lee,

      Debtor.

Michelle Deon Lee,

                                          Case No.  24-16918-KHT

      Appellant,                             Adv. Proc. No. 25-1241-KHT

                                          Chapter 7

vs.

Heather L. Deere, Tom H. Connolly, New American Funding, LLC

      Appellee.

## <u>RESPONSE TO MOTION TO ABATE APPEAL AND REMAND TO THE DISTRCT COURT</u>

COME NOW, Heather L. Deere (hereinafter "Appellee Deere" or "Deere") and hereby submits her response to the Motion to Abate Appeal and Remand to the District Court filed by Appellant Michaell Deon Lee as follows:

### INTRODUCTION

Michelle Deon Lee (hereinafter "Appellant") filed a Chapter 13 bankruptcy in the United States District Court for the District of Colorado (the "Bankruptcy Court") on November 20, 2024 known as case number 24-16918-KHT.  The case was converted to a case under Chapter 7 as of February 28, 2025.  After a long and tortious case in which there were close to 400 pleadings, the majority of which were filed by Appellant, Appellant moved to dismiss her Chapter 7 case on January 22, 2026.  The Bankruptcy Court dismissed the case on February 24, 2026.   Appellee Deere represented creditors in Appellant's bankruptcy, including New American Funding, LLC.

1

Appellant filed a *pro se* adversary proceeding against Appellee Deere along with New American Funding, LLC on August 20, 2025. The Court dismissed the adversary proceeding on December 5, 2025, and this is an appeal of that dismissal order. Appellant's adversary proceedings sought to disallow Appellant Deere's and New American Funding, LLC's claims against the Appellant, disallow any proof of claims filed and sought avoidance under 11 U.S.C. §506. The Bankruptcy Court had original jurisdiction over the subject matter of the adversary complaint pursuant to 28 U.S.C §1334(b) and the claims raised were core proceedings under 28 U.S.C. §157.

**ARGUMENTS**

In an incomprehensible pleading, the Appellant is now seeking to abate the appeal that she filed and remand the appeal to the "District Court". The Appellant's bankruptcy court case was dismissed on February 24, 2026 based on a voluntary request by the Appellant. As such, the Bankruptcy Court's jurisdiction over the Appellant, any property of the Appellant and any core proceedings pursuant to 11 U.S.C. §349. A Bankruptcy Court's jurisdiction typically ends when the case is dismissed unless the Court orders otherwise which was not done in this case. There is no reason to abate the appeal as the appeal is moot due to the dismissal of the underlying bankruptcy case. By the Appellant's own admission and attachments to her motion, the case has been dismissed and there is no longer a bankruptcy estate. Appellee Deere objects to any further attempt to delay these proceedings and would request the appeal be dismissed.

Further, Appellant requests that this appeal be remanded to the "District Court" but doesn't specify what Court this case should be remanded too. Typically, a Court exercising its appellate jurisdiction "remands" a case back to the lower court that held original jurisdiction at the conclusion of an appeal for such actions as fixing a legal error or a procedural error. In this case, the lower court is the Bankruptcy Court which no longer has any jurisdiction over the Appellant or the bankruptcy

estate. There is no lower court in which this Court can remand the case back too. Appellee Deere would object to any remand of this case to either the Bankruptcy Court or another Court.

**CONCLUSION**

WHEREFORE, Defendant Deere respectfully objects to any further delay of these proceedings by either abating this appeal or remanding the case, and would request that this appeal be dismissed as moot due to the dismissal of the bankruptcy case.

Respectfully submitted this 20th day of March, 2026.

By:*/s/ Heather L. Deere*
Heather L. Deere, #28597
Halliday Watkins & Mann
355 Union Boulevard, Suite 250
Lakewood, CO 80228
(303) 274-0155
heather@hwmlawfirm.com

4

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 20, 2026, copies of the Response to Motion to Abate Appeal and Remand to the District Court were served via U.S. Mail, postage prepaid, on all parties at the following addresses:

Michelle Deon Lee
16480 Fairway Dr
Commerce City, CO 80022

/s/ *Heather L. Deere*

4