Court: _U S Distrct Curt_

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

Case no: ___25-cv-04144 NYW_____

26 MAR 24 AM 11: 31

MOTION IN OPPOSITION TO APPELLEE DEERE'S REQUEST TO DISMISS;
MOTION TO ABATE AND REMAND FOR LIMITED EQUITABLE PROCEEDINGS TO
PROTECT MINOR BENEFICIARY

NOW COMES Appellant, Michelle Deon Lee, and respectfully opposes Appellee
Heather L. Deere's March 20, 2026 Response to Appellant's Motion to Abate and
Remand and, in support, moves this Court to deny Appellee's request to dismiss the
appeal as moot and to grant Appellant's Motion to Abate and Remand limited to the
trust issues affecting an un-represented minor beneficiary. In support, Appellant states
as follows:

INTRODUCTION

1. Appellee Deere asks this Court to dismiss the appeal as moot because the
   underlying bankruptcy case was dismissed on February 24, 2026. Deere's
   conclusory assertion that dismissal of the underlying case automatically renders
   this appeal moot is legally and factually incorrect.

2. The appeal was timely filed and  in this Court to review the adversary dismissal
   and related orders. Crucially, a minor beneficiary with an interest in the trust at
   issue was never given notice nor represented in the underlying proceedings.
   Fundamental due process and equitable principles require a limited remand so a
   court of equity can determine the minor's rights under the trust, and preserve the
   minor's interests pending adjudication. _Dismissal was not a Voluntary Request._

Statement of the Issue)

1. Due Process Requires Remand to Protect an un- contested on record
   Unrepresented Minor Due process guarantees notice and an opportunity to be
   heard for any party whose legal rights are to be adjudicated. Here, the minor
   beneficiary received no notice . A judgment entered without constitutionally
   adequate notice may be void as to that absent party. Equity and constitutional
   fairness therefore require a remedy: remand to allow the beneficiary of the  minor
   to be heard before any distributions are finalized. Dismissing the appeal would
   permanently foreclose the minor's ability to obtain relief and would allow final
   adjudications that may be void as to the minor to stand.

2. Equitable and Prudential Considerations Favor a Limited Remand a. Judicial
   economy — A narrow remand avoids duplicative litigation and permits efficient
   resolution of threshold factual questions.
   b. Protection of vulnerable parties — Courts routinely use equitable powers to
   protect minors and other vulnerable persons; ordering a remand and preserve
   assets pending adjudication is an appropriate remedy.
   c. Finality balanced with fairness — Finality is important but not absolute. Where

fundamental due process failures exist, courts routinely permit limited proceedings to correct constitutional defects rather than allowing manifest injustice to stand.

3. The trustee's Notice of Abandonment returned the contested property to the debtor's estate and left unresolved legal and equitable questions concerning ownership, beneficiary rights, and distribution. Abandonment does not adjudicate those rights — it shifts the dispute from the bankruptcy trustee to the appropriate equitable or probate processes, preserving live controversies about title, constructive trust, or equitable remedies.

GROUNDS FOR OBJECTION

2.1 Abandonment Is Not an Adjudication of Rights. The Trustee's abandonment under 11 U.S.C. § 554(a) simply removes the Property from the bankruptcy estate; it does not resolve competing claims to title, trust claims, or equitable remedies. See 11 U.S.C. § 554(d).

2.2 Live Controversies Remain. After the Notice of Abandonment, disputes about ownership, whether constructive trust or equitable lien applies, and distribution of proceeds (if any) remain unresolved and require adjudication in an appropriate forum (bankruptcy adversary proceeding, state court, or probate/probate-related proceedings), not dismissal of the entire case or relevant claims

For these reasons,

Appellant requests that this Court deny Appellee's motion to dismiss as moot and grant Appellant's motion to abate and remand for the limited purposes of, ( (3) staying any distributions that would prejudice the minor pending resolution of those issues.

LEGAL ARGUMENT I. Appellate jurisdiction vested upon timely notice of appeal; dismissal of the underlying bankruptcy case does not automatically deprive this Court of the authority to provide effective relief or to remand for limited proceedings. 5. A timely filed notice of appeal transfers jurisdiction to the appellate court to review the order appealed from. The subsequent dismissal of the main bankruptcy case does not automatically render every issue moot where discrete claims, non-estate rights, and equitable relief remain possible.

Tenth Circuit precedent recognizes exceptions where relief remains available and where issues are separable from the estate.)

6. Appellee Deere provides no controlling authority establishing that the appellate court must dismiss an appeal in all circumstances simply because the debtor later sought and

obtained dismissal of the bankruptcy case.Dismissal was proper due to trustee abandonment and trust issues.

II. The appeal is not moot because meaningful relief remains available to protect the minor beneficiary's rights. 7. Mootness requires that no effective relief can be granted. Here, meaningful relief is both possible and necessary: court of equity)(c) stay distributions pending determination. 8. The collateral-consequences doctrine and the survivability of certain claims support appellate review or remand where the adjudication affects rights outside the bankruptcy estate and where distributions or other actions could irreparably prejudice an unrepresented minor.

III. Due process and equitable concerns favor remand rather than dismissal. 9. Fundamental due process requires notice and an opportunity to be heard. Where a minor with a beneficial interest in a trust has not received notice. final adjudication that affects that minor's rights may be void or subject to equitable relief. The failure to provide representation to a minor stakeholder is an extraordinary circumstance warranting equitable intervention. This narrow remand avoids piecemeal litigation and prevents injustice that would follow dismissal.

IV. Proposed limited relief is tailored, equitable, and necessary. Court for the limited purpose of adjudicating trust-related issues affecting the minor beneficiary and appointing a guardian ad litem, (b)a stay or other protective relief to prevent prejudice, and. 12. Such limited remand is standard practice where an appellate court prefers that threshold jurisdictional or equitable issues exist.

REQUEST FOR RELIEF WHEREFORE, Appellant respectfully requests that this Court: A. Deny Appellee Deere's request to dismiss this appeal as moot; B. Grant Appellant's Motion to Abate and Remand in part and remand the matter to Court of equity for the limited purposes of:

1. Considering any appropriate stay of distributions or other measures to preserve assets for the minor pending resolution of these issues;
2. D. Award any other relief this Court deems just and proper to protect the rights of the unrepresented minor beneficiary.

CERTIFICATE OF SERVICE I certify that on [date] I served this Motion and accompanying Exhibits on counsel for Appellee Heather L. Deere and all counsel of record via [method consistent with appellate rules] and filed them on the appellate docket. *[signature]*

Respectfully submitted, /s/ [Your Name] [Bar No. if applicable] [Contact information, address, phone, email]

*Heather L. Deere #5895*
*355 Inch Blvd #250*
*Lakewood Co 30057*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

In re:                                  )
                                        )
Michelle Deon Lee                       )          Case No. 24-16918 KHT
                    *****0459           )          Chapter 7
                                        )

---

**TRUSTEE'S MOTION TO ABANDON REAL PROPERTY OF THE ESTATE**

---

Tom Connolly, Chapter 7 Trustee, requests an Order, pursuant to Fed.R.Bankr.P. 6007, abandoning real property of the estate listed below. In support hereof, I state as follows:

1. Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on November 20, 2024. The case was converted to chapter 7 on February 28, 2025. Shortly thereafter, I was appointed trustee.

2. Property of the bankruptcy estate includes the following investment properties (the Properties"):

> 1) real property located at 5031 N. Quemoy Ct., Aurora, CO 80019;
> 2) real property located at 4328 Andes Way Denver CO 80249;
> 3) real property located at 25572 E 5th Place Aurora CO 80018; and
> 4) real property located at 15430 Fairway Dr., Commerce City, CO 80022.

3. I am informed that the Properties are encumbered by purchase-money mortgages that are in default. The Properties are also subject to significant unavoidable judgment liens. The secured lenders have been granted relief from stay and the Properties are currently in foreclosure.

4. None of the Properties generate revenue.

5. The estate has no funds with which to insure or secure the Properties.

6. Accordingly, the Properties are burdensome and inconsequential value or benefit to the estate.

**WHEREFORE,** I respectfully request an Order granting my Motion to Abandon Real Property of the Estate and for such other and further relief as the Court deems just and proper.

Date:  January 6, 2026.

*/s/ Tom H. Connolly*
Tom H. Connolly, Chapter 7 Trustee
PO Box 68
Lafayette, Colorado 80026
303-661-9292 ph
tom@connollytrustee.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on January 6, 2026, true and correct copies of the documents entitled **TRUSTEE'S MOTION TO ABANDON REAL PROPERTY OF THE ESTATE**, notice and proposed order on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

Michelle Deon Lee
16480 Fairway Dr
Commerce City, CO 80022
Leedreamgoddes@gmail.com

US Trustee
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294

Attorney Amanda K. Ashley via CM/ECF
Attorney Alison L. Berry via CM/ECF
Attorney Andrea Lynn Betts-Whalen via CM/ECF
Attorney Douglas W. Brown via CM/ECF
Attorney Robert Gregory Busch via CM/ECF
Attorney Aricyn Jaine Dall via CM/ECF
Attorney Heather Deere via CM/ECF
Attorney David W. Drake via CM/ECF
Attorney Abbey Ulsh Dreher via CM/ECF

Attorney Jeffrey Fleming via CM/ECF
Attorney Ciro A. Mestres via CM/ECF
Attorney Jeffrey B. Smith via CM/ECF
Attorney Rachael Swernofsky via CM/ECF
Attorney N. April Winecki via CM/ECF
United States Trustee via CM/ECF

*/s/ Christy Bevel*
Christy Bevel, Legal Assistant

2

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

In re:

MICHELLE DEON LEE,

Debtor(s).

Bankruptcy Case No. 24-16918 KHT

Chapter 7

---

## ORDER GRANTING MOTION TO DISMISS

---

THIS MATTER comes before the Court on the Debtor's Motion to Dismiss Case (Docket #362, the "Motion") filed by the Debtor on January 22, 2026. The Court, being otherwise advised in the premises, and noting the absence of any objection thereto hereby

ORDERS that the Motion is GRANTED and this case is DISMISSED.  The Court

FURTHER ORDERS that the Clerk of the Court shall give notice of the dismissal of this case pursuant to and in accordance with Fed. R. Bankr. P. 2002(f) to all creditors and parties in interest using such addresses as are available in the record.

DATED this 24th day of February, 2026.

BY THE COURT:

Kimberley H. Tyson
United States Bankruptcy Judge