*U.S. District Court*

**APPELLANT'S BRIEF**

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2b APR 14 PM 2: 17

**U.S. District Court**
**APPELLATE DISTRICT**

25 - CO - 4144 NYW

**Appellant,**

Michelle D Lee

**v.**

**Appellee.**

**Case No. [_____]**

# I. INTRODUCTION

Appellant seeks review of the judgment entered below because the court ruled before resolving several material issues affecting the parties' rights and the finality of the case. The unresolved issues include matters involving a minor, trustee status and authority, a newly accepted successor interest, a newly submitted declaration, and subrogation rights.

Because these issues go to standing, authority, ownership of claims, and the identity of the proper parties, the judgment was premature. Appellant asks this Court to vacate the judgment, or alternatively hold that it is not final and remand the case for resolution of the outstanding issues.

# II. ISSUES PRESENTED

Whether the judgment should be vacated, reconsidered, or held ineffective where:

1. issues affecting a minor were not resolved before final judgment;
2. trustee-related issues remained unresolved;
3. a new successor interest was accepted or appeared;
4. a new declaration was submitted; and
5. subrogation issues were not resolved before final orders were entered.

## III. STATEMENT OF THE CASE

This appeal arises from a dispute in which the trial court entered final judgment before fully resolving several material issues. During the proceedings, questions arose concerning the rights of a minor, the status and authority of a trustee, the participation of a successor interest, the effect of a new declaration, and unresolved subrogation rights. Despite those unresolved matters, the court entered a final order. Appellant contends the court should have resolved all material issues first, because the outstanding questions affected the validity and completeness of the judgment.

## IV. STATEMENT OF FACTS

The relevant facts are as follows:
1. The case involved issues affecting a minor.
2. A trustee was involved, but the trustee's authority, role, or possible abandonment was not fully decided.
3. A new successor interest was accepted, substituted, or otherwise introduced into the case.
4. A new declaration was submitted that may have changed the factual or legal record.
5. Subrogation issues were raised but were not resolved before final judgment.
6. The court nevertheless entered final relief.

Insert citations to the record for each fact statement.

## V. SUMMARY OF THE ARGUMENT

The judgment should not stand because it was entered before all material issues were resolved. Courts should not enter final relief while questions remain about the proper parties, legal authority, ownership of claims, or protection of a minor's interests.
Here, unresolved issues involving a minor, trustee status, successor status, a new declaration, and subrogation made the judgment premature. At minimum, the case should be remanded for resolution of those issues before any final order is allowed to remain in effect.

## VI. ARGUMENT

**A. The judgment should not be final where issues affecting a minor remain unresolved.**

If the case involved a minor, the court was required to protect the minor's interests before entering final judgment. A minor's rights should not be left unresolved when the court is making a final disposition of the case.

Because the record shows that minor-related issues remained pending or undecided, the judgment was premature. Final relief should not have been entered until the court addressed those issues in full.

---

## B. Trustee issues must be resolved before final orders can be entered.

Where a trustee is involved, the court must determine the trustee's authority, role, and status before entering final judgment. That includes deciding whether the trustee has remained in place, abandoned the relevant property or claim, or otherwise changed the legal posture of the case.

If trustee issues remain unclear, the court cannot be certain which party controls the claim or property at issue. A final judgment entered without resolving those matters may be defective and should be vacated or reconsidered.

---

## C. The acceptance of a new successor must be legally established before judgment.

If a new successor interest has been accepted or appeared in the case, the court must determine whether that successor was properly recognized and authorized.

Without a clear ruling on successor status, the court cannot know whether the correct legal entity is before it. Final orders entered before that determination may be invalid because they may not bind the proper party or may rest on an incomplete record.

---

## D. A new declaration may affect the factual and legal record.

A newly filed declaration may materially affect the case if it addresses facts related to standing, authority, ownership, or the merits. If the declaration changed the record, the court should have considered it before entering final judgment.

A final order based on an incomplete or outdated record may be premature. The court should first determine the effect of any new declaration before making the judgment final.

---

## E. Subrogation issues must be resolved before final relief is granted.

Subrogation determines who has the right to enforce a claim after another party has paid or assumed an obligation. That issue matters because it affects which party may seek recovery.

If subrogation rights were not decided, the court could not know which party had the proper legal interest to proceed. Final judgment entered before resolving subrogation may be improper and should be vacated or remanded.

---

## VII. RELIEF REQUESTED

Appellant respectfully requests that this Court:

1. hold that the judgment is not final and should not be enforced;
2. vacate the judgment, or alternatively reconsider it;
3. remand the case for resolution of the unresolved issues involving:

    the minor,

    trustee status or abandonment,

    successor status,

    the new declaration, and

    subrogation; and
4. grant any other relief the Court deems just and proper.